## GEORGE HUDSON *versus* JOHN A. HULBERT.

A license to an administrator to sell real estate for the payment of debts may, in some cases, be valid, notwithstanding it was granted more than four years after his appointment; for instance, where he has neglected to give notice of his appointment.

I order to prove that notice of the appointment of an administrator was published in a newspaper, pursuant to an order of the court of probate, it is sufficient to produce the newspaper itself containing such notice, without showing the news-paper to be genuine, provided there be no evidence to impeach its genuineness.

The grantor in a deed, if he is not interested, is a competent witness to prove the deed invalid.

The facts, that the probate court issued an order requiring an administrator to give notice of his appointment by advertising in a newspaper and by posting up notifi-cations, and that he advertised in the newspaper, are not competent evidence for a jury to presume that he posted up notifications.

WRIT of entry to recover an undivided eighth part of a tract of land in Great Barrington.

At the trial, before *Shaw* C. J., it appeared that Nathaniel Hudson, the father of the demandant, died seised of the land described in the writ, and that the demandant took one undivided eighth part thereof by descent.

The tenant derived his title from Moses Hopkins, adminis-trator of the estate of the same Nathaniel Hudson, under a sale by license of this Court, for the payment of the debts of the deceased owner.

The demandant then proposed to show the invalidity of this title, by proving that the license was obtained more than four years after the letters of administration were granted, and when the debts were barred by the statute of four years' limi-tation in favor of executors and administrators. The chief justice permitted the demandant to proceed to the evidence, reserving the question whether it was competent for him to impeach the validity of the license and show that it ought not to have been granted. It appeared that the letters of admin-istration were issued on December 3, 1811 ; whereupon it was contended, that the four years' limitation expired on De-cember 3, 1815. The license was granted in April, 1817. It was necessary, in order to give effect to this limitation, that the administrator should have given due notice of his appoint

Hudson
*v.*
Hulbert.

ment. *St.* 1791, *c.* 28, § 2. [See Revised Stat. *c.* 66, § 3, 25.] To prove this notice, conformably to the order of the probate court, which was, that it should be published in the Farmer's Herald, and also be posted up in public places in Great Barrington, the demandant produced from the probate records the affidavit of the administrator, with one of the notices annexed. But it appearing that this had not been returned and filed in the probate office until April, 1813, and being objected to, it was ruled, that the affidavit, being made evidence by force of the statute of 1788, *c.* 66, § 1, and not being filed within seven months, the term limited by the statute, it was not competent evidence of the publication and posting required by the order.

The demandant then, to prove the publication of the notice, offered three numbers of a newspaper purporting to be the Farmer's Herald, printed at Stockbridge on the 4th, 11th, and 18th of January, 1812. It was objected that these newspapers were not competent evidence, without proof that they were genuine papers and published at the times they purport to have been ; but appearing to be old papers, and there being nothing to impeach their genuineness, the objection was overruled and they were admitted.

To prove the posting up of the notice, the demandant called Hopkins, the administrator, as a witness. He was objected to as incompetent, on the ground that he was called by his testimony to defeat the title held by the tenant under his deed and covenant. This objection was sustained.

The demandant became nonsuit, subject to the opinion of the whole Court upon the points thus raised and decided.

*Sept. 18th.*     *Bishop* and *Nash,* for the demandant, to the point that the posting up of notice might be presumed from the circumstances proved in the case, cited *Colman* v. *Anderson,* 10 Mass. R. 105 ; *Gray* v. *Gardner,* 3 Mass. R. 399 ; and to the point that the administrator was a competent witness. *Loker* v. *Haynes,* 11 Mass. R. 498 ; *Worcester* v. *Eaton,* 11 Mass. R. 368 ; *Churchill* v. *Suter,* 4 Mass. R. 156 ; *Bank of Utica* v. *Hillard,* 5 Cowen, 152 ; *Stafford* v. *Rice,* 5 Cowen, 23 ; *Williams* v. *Walbridge,* 3 Wendell, 415 ; *Jordaine* v. *Lashbrook,* 7 T. R. 601.

*C. A. Dewey* and *Sumner*, for the tenant, contended that the court granting the license had jurisdiction and discretionary power over the subject matter, and it was therefore not competent for the demandant to impeach in this manner the validity of the license. *Ex parte Allen,* 15 Mass. R. 58 ; *Scott* v. *Hancock,* 13 Mass. R. 162 ; *Richmond, Petitioner,* 2 Pick. 567 ; *Perkins* v. *Fairfield,* 11 Mass. R. 228 ; *Leverett* v. *Harris,* 7 Mass. R. 292. The case of *Heath* v. *Wells,* 5 Pick. 140, determining that a license granted after the expiration of the four years is void, seems to be at variance with the general course of decisions of this Court.

The administrator was not admissible as a witness to impeach his own grant. *Storer* v. *Batson,* 8 Mass. R. 440 ; *Walton* v. *Shelly,* 1 T. R. 296 ; *Allen* v. *Holkins,* 1 Day, 17.

*Bishop,* in reply, said the granting of the license was an *ex parte* proceeding, without notice to the heirs, and that they were therefore not bound by it unless it were granted upon a legal cause ; that the lien on the land was discharged by the statute of limitations, and so no legal cause existed, and the court had no jurisdiction ; and that consequently the license was not voidable, but void. *Heath* v. *Wells,* 5 Pick. 140 ; *Brown* v. *Anderson,* 13 Mass. R. 201 ; *Scott* v. *Hancock,* 13 Mass. R. 162.

*Per Curiam.* The demandant contends, that the title of the tenant is invalid, because the license was granted after the expiration of four years from the time when Hopkins accepted the trust of administrator, and gave bond for his faithful performance of the trust, and because there was not any claim or debt which could legally have been enforced against the estate at the time when the administrator obtained the license.

If there was no lien upon the estate for debts, it was not assets in the hands of the administrator ; the foundation for the petition fails ; and the court had no jurisdiction of the subject matter. This was the principle of the decision in *Heath* v. *Wells,* 5 Pick. 140. That case does not proceed merely upon the ground that the license was granted after the expiration of four years. A determination to that effect

36 *

Hudson
*v.*
Hulbert.

*Sept* 19*th.*

would disturb and defeat a vast number of estates in the com monwealth.  Cases may happen of suits brought before, and judgment rendered after, the expiration of the four years ; and a deficiency of personal estate may then be manifest ; and this without any neglect of duty on the part of the adminis- trator.  We cannot doubt that real estate would be assets in the hands of the administrator in such a case, and would be liable to be sold for the payment of such a claim, upon a proper petition and proof by the administrator.  If however the application for the license should be made long after the expiration of the four years, other considerations might arise which should weigh greatly in the discretion of the court. *Richmond, Petitioner*, 2 Pick. 567.  We are entirely satis- fied, that this license was not rendered void by the circum- stance, that the four years had elapsed when it was granted.

But the demandant offered, further, to prove that the debts due at the time of granting the license, were not due on judgments recovered in suits commenced before the term of limitation had expired ; and for this purpose it was incumbent on him to show that the administrator had given notice of his appointment, pursuant to the order of the court of probate. As evidence of the publication in the Farmer's Herald, three newspapers were produced by the demandant, which proved themselves to the satisfaction of the court, and there was no evidence offered by the tenant to throw discredit on their genuineness ; and we think that they were properly admitted. Then in regard to the posting up of the notice, the demand- ant relied on the presumption arising from the publication in the newspaper, lapse of time, and the circumstances of the case ; but he also offered Hopkins, the administrator, as a witness to prove the fact.  This witness was rejected on the ground that he was the grantor in the deed under which the tenant claims, and should not be allowed by his testimony to invalidate his own deed.  We are all of opinion, that this was not correct, and that the rule which it was supposed would exclude the witness, applies only to the case of nego- tiable instruments.  *Churchill* v. *Suter*, 4 Mass. R. 156 ; *Worcester* v. *Eaton*, 11 Mass. R. 368 ; *Loker* v. *Haynes*, 11 Mass. R. 498 ; *Jordaine* v. *Lashbrook*, 7 T. R. 601,

uverruling *Walton* v. *Shelly*, 1 T. R. 296. Upon this ground the nonsuit is taken off and a new trial granted.

*Hudson*
*v.*
*Hulbert.*

Upon the new trial, before *Wilde* J., the administrator testified that he had no recollection of posting up the notices, but it was insisted on the part of the demandant, that, from the fact that the court of probate ordered, and the statute required, the administrator to post up notices, and from the fact of the publication in the newspaper, and from the lapse of time, it was competent to the jury to find that the notices were posted up agreeably to the order ; and for the purposes of the trial, the judge instructed the jury that from this evidence they might find that the notices were posted up, if they believed the fact, and in such case their verdict should be for the demandant.

The jury found in favor of the demandant ; but if the above instruction was wrong, the verdict was to be set aside.

*C. A. Dewey* and *Sumner*, for the tenant, cited 3 Stark. Ev. 1224, 1234, 1243.

*Sept. 9th,*
*1834.*

*Bishop* and *Nash*, for the demandant, cited *Blossom* v. *Cannon*, 14 Mass. R. 177 ; *Pejepscut Proprietors* v. *Ransom*, 14 Mass. R. 145 ; *Gray* v. *Gardner*, 3 Mass. R. 399 ; *Knox* v. *Jenks*, 7 Mass. R. 488 ; *Colman* v. *Anderson*, 10 Mass. R. 105 ; 3 Stark. Ev. 1245, 1246, 1247.

*Per Curiam.* In the course of the trial in this case it became necessary for the plaintiff to show, that the administrator of his father's estate gave due notice of his appointment, both by advertising in a certain newspaper, and by posting notice in certain public places. The advertising was proved, but there was no direct evidence of the posting. The question is, whether the fact that a probate order was issued requiring two things to be done, and the fact that one of them was done, without other proof, are competent evidence for a jury to presume that the other was done ; and the Court are all of opinion that they are not. A mere general probability, that one complies with the law, or performs his duty, is not sufficient to enable a jury to find a fact affirmatively, which is necessary to sustain a title. Here the probability of the fact is not aided by lapse of time, because there has been no holding,

*Sept. 12th,*
*1834*

possession, or enjoyment of title, which presupposes the act done ; on the contrary, if the act was done, it goes to defeat the title under which the estate has been held ever since the sale made by the administrator.

*Verdict set aside and nonsuit entered.*